UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEDRICK FRANKLIN,                  :
                                   :  NO. 1:04-CV-00089
          Petitioner,             :
                                   :
                                   :
     v.                            :  **OPINION AND ORDER**
                                   :
                                   :
MARGARET BRADSHAW, Warden,         :
                                   :
          Respondent.             :
                                   :


          This matter is before the Court on the Magistrate Judge's
Report and Recommendation (doc. 16) and Petitioner's Objections
(doc. 17).  For the reasons indicated herein, the Court AFFIRMS the
Magistrate Judge's Report and Recommendation, and ADOPTS such
Report and Recommendation to the extent that it DENIES Petitioner
the habeas corpus relief which he seeks.  However, as the Court
finds that jurists of reason could conclude that Petitioner has
made a substantial showing of denial of a constitutional right in
ground two of his Petition, a certificate of appealability should
issue with respect to ground two.

**I.  Background**

          Petitioner Sedrick Franklin ("Franklin"), an inmate in
custody of the state of Ohio, seeks a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 (doc. 1).  Following a jury trial in
the Butler County Court of Common Pleas, Franklin was convicted on
February 22, 2001, of murder with firearm specification, felonious

assault with firearm specification, and trafficking in cocaine (Id.). The court sentenced Franklin to a term of fifteen years to life, consecutive to two three-year firearm specifications (Id.). Petitioner filed the present petition challenging his conviction, contending in ground one that he received ineffective assistance of counsel because his attorney had a conflict of interest, and in ground two that a videotape of his post-arrest silence was used against him by the prosecution, thus improperly penalizing him for exercising his right to remain silent (Id.).

## II.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge issued his Report and Recommendation on July 19, 2006, recommending the Court deny with prejudice Petitioner's petition for writ of habeas corpus (Id.). The Magistrate Judge found Petitioner's first ground for relief lacking in merit (Id.). Petitioner's first ground is premised on the theory that his attorney Carl Lewis also represented Brandon Jarrett (Id.). Jarrett was present at the shooting for which Petitioner was prosecuted and convicted, and Petitioner argues that due to conflicting interests, Lewis failed to advance a defense implicating Jarrett as the shooter (Id.). The Magistrate rejected Petitioner's theory, finding that Petitioner and Jarrett were never co-defendants in the same prosecution, Jarrett was never identified as a suspect, and Jarrett never testified for the prosecution (Id.). The Magistrate Judge found that though Petitioner's counsel

2

represented Jarrett at the time he was initially questioned by police about the shooting, there was no evidence that Lewis was representing Jarrett at the time of the trial[1] (Id.).

Under Cuyler v. Sullivan, 446 U.S. 335, 348 (1980), when an attorney has an actual conflict of interest in representing two clients, a Petitioner need not demonstrate prejudice in order to establish a Sixth Amendment violation. However, as the Magistrate Judge noted, unless a defendant "shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance" (Id.). The Magistrate Judge reasoned that this case involves successive representation as opposed to simultaneous representation, and therefore the Sullivan presumption is inapplicable (Id.). Instead, the stricter standard of Strickland v. Washington, 466 U.S. 668, 687 (1984) applies such that Petitioner must show that (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result (Id.).

To establish an actual conflict, the Magistrate Judge found, Petitioner must show that a plausible defense was foreclosed (Id. citing Kirby v. Dutton, 831 F.2d 1280, 1282 (6th Cir. 1987).

---

[1] The record shows that Attorney Lewis advised Jarrett to stay silent in response to police questioning, and after the meeting with police, to "lay low."

3

Here, concluded the Magistrate Judge, Petitioner failed to make such a showing, as his proposed alternative theory is speculative and implausible given the facts of this case, none of which implicate Jarrett as the shooter (Id.).

Evidence at trial showed that Petitioner was the only person at the scene observed with a gun and that he fired the gun three times in the direction of the victim (Id.). In contrast, no witness to the shooting observed Jarrett with a gun (Id.). In reviewing all the evidence, the Magistrate Judge concluded that should Jarrett have testified at trial, his testimony would have implicated Petitioner to Petitioner's detriment rather than serve to exculpate him (Id.). As such, the Magistrate found that Attorney Lewis's purported conflict of interest cannot be shown to have affected the adequacy of his representation under Sullivan, even should such standard apply. Finally, as Petitioner failed to show that but for Attorney Lewis's advice to Jarrett there was a reasonable likelihood that he would be found not guilty of murder and felonious assault, his claim for ineffective assistance of counsel fails under Strickland v. Washington, 466 U.S. 668, 695 (1984).

The Magistrate Judge further rejected Petitioner's second ground for relief, that he exercised his right to remain silent when he put his head on the table and avoided contact with officers who questioned him, and that such right was violated when a

4

videotape of his interrogation was introduced and admitted at trial (doc. 16). The Magistrate Judge reviewed the videotape and disagreed (Id.). The Magistrate Judge found that Petitioner was advised of his Miranda rights, but at no time unequivocally invoked his right to remain silent, and that he made brief statements denying any involvement with the shooting, which contradicted the testimony of other witnesses at trial (Id.). The Magistrate Judge found no error in the continuation of the interrogation nor in the subsequent use of the videotape at trial. Here, reasoned the Magistrate Judge, Petitioner chose to speak after being advised of his Miranda rights, and therefore his testimony in no way violated the principle that "silence will carry no penalty" (Id. citing Doyle v. Ohio, 426 U.S. 610, 618 (1976), and Anderson v. Charles, 447 U.S. 404 (1980)). Finally, reasoned the Magistrate Judge, the videotape was not used to draw an adverse inference from his silence, but rather to show Petitioner's willingness to lie after having waived his right to remain silent (Id.). For all of these reasons, the Magistrate Judge found without merit ground two of Petitioner's petition (Id.).

Accordingly, the Magistrate Judge recommended the Court deny Petitioner's writ with prejudice, and decline to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on his claims (Id. citing 28 U.S.C. § 2253(c)). The Magistrate

5

Judge further recommended the Court certify that an appeal of any order adopting his Report and Recommendation would not be taken in good faith, and therefore deny Petitioner leave to proceed on appeal in <u>forma</u> <u>pauperis</u> upon a showing of financial necessity (<u>Id</u>.).

## III. Petitioner's Objections to the Magistrate Judge's Report and Recommendation

Petitioner objects to the Magistrate Judge's Report and Recommendation that his first ground for relief be denied (doc. 17). Petitioner argues the Magistrate Judge inadequately reviewed the procedural history of the case, and that Petitioner was unreasonably denied a hearing to prove his conflict claim (<u>Id</u>.). Petitioner argues that counsel failed to pursue a line of questioning to show that the only witness who claimed to see Petitioner fire a gun may have had a relationship with Jarrett and desired to protect him (<u>Id</u>.). Petitioner objects to the conclusion that it is speculative and implausible that counsel could have implicated Jarrett (<u>Id</u>.). Finally, Petitioner argues that <u>Strickland</u> does not provide the appropriate framework for his claim (<u>Id</u>.).

Petitioner further objects to the Magistrate Judge's analysis of his self-incrimination claim (<u>Id</u>.). Petitioner argues that the only reason he made subsequent statements after he stated he did not want to answer questions was that the police ignored his request and continued the questioning (<u>Id</u>.). In Petitioner's view,

6

under these circumstances, the state appellate court's finding is unreasonable that he did not invoke his right to remain silent (Id.). Petitioner further objects that his denial that he fired the gun conflicted only with one witness who was a crack addict, not "other witnesses," in plural, as reported by the Magistrate Judge (Id.). In Petitioner's view, the prosecutor used his unwillingness to incriminate himself as a tool to impeach him, in contravention of Doyle v. Ohio, 426 U.S. 610 (1976) (Id.).

In conclusion, Petitioner requests the Court reject the Magistrate Judge's Report and Recommendation and grant him a writ of habeas corpus. In the alternative, Petitioner submits that as reasonable jurists could disagree as to whether the state appellate court rendered a reasonable decision on the merits of his federal constitutional claims, the Court should issue a certificate of appealability and grant him status in forma pauperis such that he can appeal.

## IV.  Analysis

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, thoughtful, and well-reasoned. The Court finds well-taken the Magistrate Judge's analysis pertaining to both grounds of Petitioner's petition. The Strickland standard of ineffective assistance of counsel applies to this case of successive representation, and Petitioner has failed to demonstrate that he was prejudiced by any

deficient performance on the part of his counsel. The Court finds well-taken the argument that Petitioner's theory is based on speculation. The Court further finds well-taken the Magistrate Judge's analysis of Petitioner's second ground for relief premised on the theory that his rights against self-incrimination were violated. The evidence shows that Petitioner did not make a clear and unequivocal invocation of his <u>Miranda</u> rights, and that he chose to make statements denying involvement in the shooting. Under the applicable case law which the Magistrate Judge thoroughly reviewed, such testimony is admissible. <u>Anderson v. Charles</u>, 447 U.S. 404, 407 (1980). However, unlike the Magistrate Judge, the Court agrees with Petitioner that reasonable jurists could disagree as to whether the state appellate court rendered a reasonable decision on the merits of his self-incrimination claim. For this reason, the Court REJECTS the Magistrate Judge's recommendation as to this narrow ground, but ADOPTS and AFFIRMS such recommendation in all other respects (doc. 16). Accordingly, the Court DENIES WITH PREJUDICE Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254, FINDS that a certificate of appealability should not issue with respect to ground one of the petition, because Petitioner failed to make a substantial showing of the denial of a constitutional right under the theory of ineffective assistance of counsel, 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal

8

of this Order on ground one of the petition would not be taken in good faith, and therefore DENIES Petitioner leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> as to such ground, upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F. 3d 949, 952 (6th Cir. 1997). However, as to the second ground of Petitioner's petition, that his rights against self-incrimination were violated, the Court agrees that jurists of reason could conclude that such rights were violated. Accordingly, the Court FINDS that a certificate of appealability should issue with respect to ground two of the petition, and CERTIFIES that an appeal of this order as to ground two of the petition would be taken in good faith. The Court therefore GRANTS Petitioner leave to appeal ground two of his petition, <u>in</u> <u>forma</u> <u>pauperis</u>, upon a showing of financial necessity. This case is hereby DISMISSED from the Court's docket.


            SO ORDERED.


Dated: February 6, 2007          /s/ S. Arthur Spiegel
                                 _____

                                 S. Arthur Spiegel
                                 United States Senior District Judge